1  Katherine F. Parks, Esq.
Nevada Bar No. 6227
2  Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
Tel:  (775) 786-2882
4  kfp@thorndal.com
Attorney for Defendants
5  DOUGLAS COUNTY and MATT SAMPSON

6              UNITED STATES DISTRICT COURT

7                 DISTRICT OF NEVADA

8

9  SANDRA SCHULZE, individually, as
guardian ad litem of minor child E.S., and as
10  Special Administrator of the ESTATE OF JON
D. SCHULZE; MAKAYLA SCHULZE;          Case No.        3:23-cv-00567-LRH-CLB
11  GAHVIN SCHULZE; VICTORIA MARTIN;
KALI WOOD-SMITH; and SEBASTIAN
12  GROTTS,                              **STIPULATED PROTECTIVE ORDER**

13              Plaintiffs,

14  vs.

15  DOUGLAS COUNTY, a political subdivision
of the State of Nevada; MATT SAMPSON,
16  DEPUTY SHERIFF II, DOUGLAS COUNTY
SHERIFF'S OFFICE; DOES 1-10,
17
Defendants.
18

19        In order to protect the confidentiality of confidential information obtained by the parties

20  identified in the above caption in connection with this case, the parties hereby agree as follows:

21        1.      Any party may designate as "confidential" (by stamping the relevant page or

22  otherwise as set forth herein) any document or response to discovery which that party or non-

23  party considers in good faith to contain confidential information, subject to protection under the

24  Federal Rules of Civil Procedure, or state or federal law ("Confidential Information").   Where a

25  document or response consists of more than one page, the first page and each page on which

26  confidential information appears shall be so designated.

27        2.      A party may designate information disclosed during a deposition or in response to

28  written discovery as "confidential" by so indicating in said response or a party may designate in

- 1 -

writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.  Any other party may object to such proposal, in writing or on the record.   Upon such objection, the parties shall follow the procedures described in paragraph 8 below.   After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specific designation.

3.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      Except with the prior written consent of the party or parties who designated the material "Confidential Information," or upon the prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e)      any authors or recipients of the Confidential Information;

(f)      the Court, Court personnel, and court reporters; and

1      (g)    witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses who have been shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a concurrently filed motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.  *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC.,* 809 F.3d 1092, 1097 (9th Cir. 2016).

7.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers of other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party seeking the order has the burden of establishing that the document is

- 3 -

1  entitled to protection.

2  9.  Notwithstanding any challenge to the designation of material as Confidential

3  Information, all documents shall be treated as such and shall be subject to the provisions hereof

4  unless and until one of the following occurs:

5  (a)  the party who claims that the material is Confidential Information withdraws such

6  designation in writing; or

7  (b)  the party who claims that the material is Confidential Information fails to apply to

8  the Court for an order designating the material confidential within the time period specified

9  above after receipt of a written challenge to such designation; or

10  (c)  the Court rules the material is not confidential.

11  10.  All provisions of this Order restricting the communication or use of Confidential

12  Information shall continue to be binding after the conclusion of this action, unless otherwise

13  agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential

14  Information, other than that which is contained in pleadings, correspondence, and deposition

15  transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion

16  of this action to counsel for the party who provided such information, or (b) destroy such

17  documents within the time period upon consent of the party who provided the information and

18  certify in writing within thirty (30) days that the documents have been destroyed.

19  11.  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the

20  use of documents at trial.

21  12.  Nothing herein shall be deemed to waive any applicable privilege or work product

22  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

23  protected by privilege or work protection.

24  13.  Any witness or other person, firm or entity from which discovery is sought may

25  be informed of and may obtain the protection of this Order by written advice to the parties'

26  ///

27  ///

28  ///

- 4 -

1    respective counsel or by oral advice at the time of any deposition or similar proceeding.

2

3    Dated this 20th day of May, 2024.          Dated this 20th day of May, 2024.

4    LAW OFFICE OF GENE M. KAUFMANN          THORNDAL ARMSTRONG, PC

5

6    By: ___/s/ Gene Kaufman_____     By: ___/s/ Katherine Parks_____
         GENE M. KAUFMAN, ESQ.                   KATHERINE F. PARKS, ESQ.
7        1591 Mono Avenue, Suite 102             6590 S. McCarran Blvd, Suite B
         Minden, NV  89423                       Reno, NV 89509
8                                                Attorney for Defendants
                                                 DOUGLAS COUNTY and
9    Dated this 20th day of May, 2024.           MATT SAMPSON

10

11   CHAIKEN & CHAIKEN, P.C.

12

13   By: ___/s/ Robert Chaiken_____
         ROBERT L. CHAIKEN, ESQ.
14       5717 Legacy Dr., Suite 250
         Plano, TX  75024
15       Attorneys for Plaintiffs

16                              **ORDER**

17       The Court will only retain jurisdiction over this order while the case is pending and its
18   jurisdiction will cease upon dismissal of the case.

19       IT IS SO ORDERED.

20       DATED: This __21st__ day of __May_____2024.

21

22   _____
23   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

**EXHIBIT "A"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2024, in a court case titled "Schulze et al v. Douglas County Sheriff's Office et al, pending in UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA, Case No. 3:23-cv-00567-RCJ-CLB. The full caption of the lawsuit reads, SANDRA SCHULZE, individually, as guardian ad litem of minor child E.S., and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; VICTORIA MARTIN; KALI WOOD-SMITH; and SEBASTIAN GROTTS, Plaintiffs, vs. DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DEPUTY SHERIFF II, DOUGLAS COUNTY SHERIFF'S OFFICE, Defendants,"

I have been given a copy of the above referenced Order and I have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____.


_____

- 6 -