**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANDRA SCHULZE, individually; as guardian ad litem of minor child E.S.; and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; KALI WOOD-SMITH; and SEBASTIAN GROTTS,

Plaintiffs,

v.

DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DEPUTY SHERIFF II, DOUGLAS COUNTY SHERIFF'S OFFICE; DOES 1–10,

Defendants.

Case No. 3:23-cv-00567-ART-CLB

**ORDER GRANTING STIPULATION TO (1) REOPEN DISCOVERY IN PART, (2) VACATE JOINT PRETRIAL ORDER DEADLINE, AND (3) SET COORDINATED BRIEFING ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

[ECF No. 61]

**JOINT STIPULATION AND [PROPOSED] ORDER TO (1) REOPEN DISCOVERY IN PART, (2) VACATE JOINT PRETRIAL ORDER DEADLINE, AND (3) SET COORDINATED BRIEFING ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs SANDRA SCHULZE, individually; as guardian ad litem of minor child E.S.; and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; KALI WOOD-SMITH; and SEBASTIAN GROTTS by and through their attorneys GENE M. KAUFMANN and JOEL A. KAUFMANN, of KAUFMANN LAW, and Defendants DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DOUGLAS COUNTY SHERIFF'S OFFICE, by and through their attorney KATHERINE F. PARKS, jointly stipulate and respectfully request that the Court enter the [Proposed] Order set forth below to: (1) reopen discovery in part for the limited purpose of three percipient depositions and one Federal Rule of Civil Procedure 45 subpoena to a non-party state agency; (2) vacate the current Joint Pretrial Order deadline and reset it to thirty (30) days after entry of the Court's order on Plaintiffs' pending Motion for Reconsideration; and (3) set a

coordinated briefing schedule for Plaintiffs' Motion for Reconsideration that permits Plaintiffs to file a supplemental brief tethered to the limited reopened discovery.

The parties have met and conferred and agree that the production gap that precipitates this Stipulation was inadvertent and is best resolved by limited additional discovery rather than motion practice. Good cause under Federal Rule of Civil Procedure 16(b)(4), excusable neglect under LR IA 6-1(a) and LR 26-3, and proportionality under Federal Rule of Civil Procedure 26(b)(1) all support the relief requested.

## I.  RECITALS

### A.  Case and Procedural Posture.

This action arises from the November 2021 pursuit involving Blake Thacker. Plaintiffs assert claims against Douglas County, the Douglas County Sheriff's Office ("DCSO"), and certain DCSO personnel. The case has been pending for approximately two and one-half years. The discovery cutoff was July 31, 2025. Full briefing of a summary judgment motion was completed on January 13, 2026. The Court entered an order on Defendants' motion for summary judgment, granting summary judgment in part on Plaintiffs' 42 U.S.C. § 1983 substantive due process claim and denying summary judgment on Plaintiffs' Nevada negligence claim under NRS 484B.550. (ECF No. 55) Plaintiffs timely filed a Motion for Reconsideration of that order (ECF No. 58) which is pending. The Joint Pretrial Order is currently due June 1, 2026.

### B.  The November 29, 2021 CAD Log.

In February 2025, after the discovery cutoff, Plaintiffs received a Computer-Aided Dispatch ("CAD") log dated November 29, 2021 that contained entries post-dating the previously produced November 16, 2021 CAD report, including references to a "warrant scramble" and the timing of an NCIC warrant removal. Defense counsel has represented that she had not previously seen the complete log. The parties have since determined that the November 29, 2021 print date reflects when the document was generated, not when underlying entries were made; that CAD operations are administratively separate from DCSO; and that much of the underlying information appears in police reports and body-worn camera footage previously produced, but not in consolidated log form.

**C. Diligence and Meet-and-Confer.**

After receiving the November 29, 2021 CAD log in February 2025, Plaintiffs consulted an expert to evaluate the log's technical implications for the warrant timing and NCIC removal issues already in suit. Plaintiffs thereafter sent a meet-and-confer letter scheduling the conference within the five-day window contemplated by LR IA 1-3(f). The parties met and conferred by video conference on May 7, 2026. Counsel reached the agreements memorialized in this Stipulation.

Based on the current record and Plaintiffs' counsels' understanding of it, they do not assert that Defendants or defense counsel willfully withheld discovery. Defendants attribute the production gap to the administrative separation between DCSO and dispatch operations. Plaintiffs, while preserving all rights regarding discovery issues, accept that representation.

## II. GOOD CAUSE AND EXCUSABLE NEGLECT

Modification of a scheduling order requires a showing of good cause under Federal Rule of Civil Procedure 16(b)(4). Where, as here, a stipulation to extend a discovery deadline is presented after the deadline has expired, it must also be supported by a showing of excusable neglect under LR 26-3 and LR IA 6-1(a). Both standards are satisfied.

***Good cause.*** The depositions are necessary to develop testimony concerning a CAD log that came to light after discovery closed and that bears directly on issues raised in Plaintiffs' pending Motion for Reconsideration; specifically, the warrant-knowledge timeline, "locate protocol" and NCIC training, and the "warrant scramble"/premature NCIC removal notation. The parties have narrowly tailored the requested relief to three percipient depositions on discrete subjects, retained the Federal Rule of Civil Procedure 30(d)(1) seven-hour cap, and identified the discrete supplemental productions necessary to complete the inquiry. The scope is proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). No party will be prejudiced; the Court has not yet ruled on the Motion for Reconsideration, and trial has not been set.

***Excusable neglect.*** Excusable neglect is evaluated under the four-factor framework of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395

(1993), as adopted in the Ninth Circuit by *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996): (1) prejudice; (2) length of delay and its potential impact on judicial proceedings; (3) reason for delay, including whether it was within the reasonable control of the movant; and (4) good faith. All four factors favor the relief requested. There is no prejudice—the parties jointly agree to the limited reopening, no trial date has been set, and no pretrial order has been filed. Any delay flows from a document that came to Plaintiffs' attention only after the cutoff and that defense counsel had not previously seen. The reason is a production gap traceable to the administrative separation between DCSO and dispatch operations, and to the technical character of the CAD log's implications, which required expert evaluation. The parties have proceeded in good faith and bring this Stipulation as soon as practicable after the scope of needed discovery was reasonably ascertainable.

### III. STIPULATED RELIEF

#### A. Limited Reopening of Discovery.

Discovery is reopened solely for the following limited percipient depositions, each capped at one (1) seven-hour day under Federal Rule of Civil Procedure 30(d)(1):

1. Matt Sampson: limited to pre-suit knowledge of the warrant against Blake Thacker, NCIC and "locate protocol" training, and the warrant-related content of the post-incident report.

2. Steve Schultz: limited to the November 18 CAD entry, characterization of the locate as "premature," and procurement of a replacement warrant.

3. Edward Seeley (Dispatch): limited to dispatch CAD entry procedures, the November 29, 2021 log, and applicable CJIS/CIC policies and training.

The parties further stipulate that Plaintiffs may serve a Federal Rule of Civil Procedure 45 subpoena on the Nevada Highway Patrol for records relating to the underlying incident, and that the May 2026 meet-and-confer correspondence is deemed sufficient notice of the subpoena under Federal Rule of Civil Procedure 45(a)(4). Defendants reserve all evidentiary objections to materials produced.

Defendants will conduct a reasonable, diligent, and good faith search for, and will produce discoverable materials obtained during said search, in conjunction with the limited reopening, the following supplemental written discovery:": (i) Bates-stamped NCIC training records for Deputy Sampson and Investigator Schultz; (ii) complete CAD/call detail exports (event chronology, unit histories, and all comment/narrative fields) for the incident numbers reflected in the November 16, 2021 and November 29, 2021 CAD records, limited to November 16–18, 2021 and the November 29, 2021 follow-up entries ("Request A"), and all documents and communications regarding the Oregon warrant and NCIC locate issue, including Oregon Parole emails, the replacement warrant referenced in the November 29, 2021 log, NCIC transaction logs, internal communications explaining the "premature locate," and communications with NHP dispatch about warrant confirmation ("Request B"); (iii) CJIS and CIC policies; and (iv) training records for Edward Seeley. No additional written discovery, expert disclosures, or motion practice arising from the limited reopening is contemplated absent further stipulation or Court order. The limited reopened discovery shall be completed no later than August 31, 2026.

### B.  Vacatur of Joint Pretrial Order Deadline.

The current Joint Pretrial Order deadline is VACATED. The parties shall file their Joint Pretrial Order no later than thirty (30) days after entry of the Court's order on Plaintiffs' Motion for Reconsideration. Filing a Joint Pretrial Order before the limited depositions are completed and before the Court resolves the pending dispositive issues would be premature and would require revision in light of testimony and rulings reasonably anticipated in the near term.

### C.  Coordinated Briefing on Motion for Reconsideration.

The current briefing schedule on Plaintiffs' Motion for Reconsideration (ECF No. 58) is suspended and reset as follows pursuant to LR 7-2 and LR 59-1:

(1)    Plaintiffs may file a supplemental brief in support of the Motion for Reconsideration, limited to evidence developed in the reopened discovery, no later than thirty (30) days after the last of the three depositions identified above, or ninety (90) days after entry of this Order, whichever is sooner.

**(2)**   Defendants' opposition to the Motion for Reconsideration (and to any supplement) shall be due twenty-one (21) days after Plaintiffs' supplement; if Plaintiffs file no supplement, Defendants' opposition shall be due twenty-one (21) days after the deadline for Plaintiffs' supplement expires.

**(3)**   Plaintiffs' reply shall be due fourteen (14) days after Defendants' opposition.

**D.  Reservation of Rights.**

Nothing in this Stipulation shall be construed as: (a) a concession or admission of merit on Plaintiffs' Motion for Reconsideration, or on any underlying claim or defense; (b) an admission, concession, or finding that any party or counsel engaged in any discovery violation, willful or otherwise; or (c) a waiver of any motion in limine, *Daubert* challenge, hearsay objection, foundation objection, relevance objection, or other evidentiary or procedural objection to any testimony or document developed through the limited reopened discovery. All parties expressly reserve all rights, claims, defenses, and objections.

### IV. LR IA 6-1(A) STATEMENT

This is the 5th stipulation or motion to extend deadlines in this case. ECF 35 (Order Granting Stipulation to Extend Discovery Deadlines (Fourth Request)); ECF 32 (Order Granting Stipulation to Extend Discovery Deadlines (Third Request)); ECF 30 (Order Granting Stipulation to Extend Expert Witness Disclosure and Rebuttal Expert Witness Disclosure (Second Request)); ECF 28 (Order Granting Stipulation to Extend Discovery Deadlines (First Request)). The reasons for the requested extension are set forth in Sections I and II above. The parties have conferred and jointly request the relief set forth in the [Proposed] Order.

### V. LR 26-3 STATEMENT

**(a)**   Discovery completed: Initial disclosures and supplements; written discovery (interrogatories, RFPs, RFAs) propounded by all parties; depositions of [LIST]; expert disclosures and reports; document productions including DCSO and Carson City Sheriff Office ("CCSO") records and body-worn camera footage.

**(b)**   Discovery remaining: (i) Depositions of Deputy Matt Sampson, Investigator Steve Schultz, and Edward Seeley, each capped at one 7-hour day on the limited topics described

above; (ii) Defendants' production of NCIC training records for Sampson and Schultz, complete CAD detail exports, CJIS/CIC policies, and Seeley training records; and (iii) Plaintiffs' Rule 45 subpoenas related to warrants, compacts for extradition between Nevada and Oregon, and NCIC information and training manuals.

**(c)** Reasons discovery was not completed within the existing deadline: The November 29, 2021 CAD log was not produced before the discovery cutoff; the document came to Plaintiffs' attention in February 2026; expert consultation was required to evaluate its technical significance; the parties promptly met and conferred upon completion of that review and developed the limited scope of additional discovery now proposed.

**(d)** Proposed schedule for completion: As set forth in Section III above and the [Proposed] Order below.

### VI. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter the [Proposed] Order set forth below.

DATED this 22nd day of May, 2026.

| | |
|---|---|
| *By: /s/ Gene M. Kaufmann* | *By: /s/ Katherine F. Parks* |
| GENE M. KAUFMANN, ESQ. | KATHERINE F. PARKS, ESQ. |
| Nevada Bar No. 6407 | Nevada Bar No. 6227 |
| KAUFMANN LAW | THORNDAL ARMSTRONG, P.C. |
| 1576 3rd Street | 6590 S. McCarran Blvd, Suite B |
| Minden, Nevada 89423 | Reno, NV 89509 |
| | |
| JOEL A. KAUFMANN, ESQ. | Attorney for Defendants |
| Nevada Bar No. 17228 | |
| KAUFMANN LAW | |
| 1576 3rd Street | |
| Minden, Nevada 89423 | |

ROBERT L. CHAIKEN, ESQ.
CHAIKEN & CHAIKEN, P.C.
*Admitted Pro Hac Vice*
5717 Legacy Dr., Suite 250
Plano, TX 75024

Attorneys for Plaintiffs

## ORDER

Having considered the parties' Joint Stipulation, and finding good cause under Federal Rule of Civil Procedure 16(b)(4), excusable neglect under LR IA 6-1(a) and LR 26-3, and that the limited reopened discovery is proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1):

**IT IS HEREBY ORDERED** that the Stipulation is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery is reopened solely to permit (i) the depositions of Deputy Matt Sampson, Investigator Steve Schultz, and Edward Seeley, each limited to one seven-hour day under Federal Rule of Civil Procedure 30(d)(1); (ii) Plaintiffs' Federal Rule of Civil Procedure 45 subpoena to the Nevada Highway Patrol; and (iii) Defendants' production of NCIC training records for Sampson and Schultz, complete CAD detail exports, CJIS and CIC policies, and Seeley training records. The limited reopened discovery shall be completed no later than August 31, 2026.

**IT IS FURTHER ORDERED** that the current Joint Pretrial Order deadline is **VACATED**. The parties shall file the Joint Pretrial Order no later than thirty (30) days after entry of the Court's order on Plaintiffs' Motion for Reconsideration.

**IT IS FURTHER ORDERED** that briefing on Plaintiffs' Motion for Reconsideration shall proceed as follows: Plaintiffs may file a supplemental brief no later than thirty (30) days after the last of the three depositions identified above, or ninety (90) days after entry of this Order, whichever is sooner; Defendants' opposition shall be due twenty-one (21) days after Plaintiffs' supplement (or, if no supplement is filed, twenty-one (21) days after expiration of the supplement window); and Plaintiffs' reply shall be due fourteen (14) days after Defendants' opposition.

**IT IS SO ORDERED.**

**DATED:** May 28, 2026

_____
UNITED STATES MAGISTRATE JUDGE

Page **8** of **8**