**Gene M. Kaufmann**
Nevada Bar No. 6704
**Joel A. Kaufmann**
Nevada Bar No. 17228
**KAUFMANN LAW**
1576 3rd Street
Minden, NV 89423

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA SCHULZE, individually; as guardian ad litem of minor child E.S.; and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; KALI WOOD-SMITH; and SEBASTIAN GROTTS,<br><br>Plaintiffs,<br>v.<br>DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DEPUTY SHERIFF II, DOUGLAS COUNTY SHERIFF'S OFFICE; DOES 1–10,<br><br>Defendants. | Case No. 3:23-cv-00567-ART-CLB<br><br>**ORDER GRANTING JOINT STIPULATION TO (1) REOPEN DISCOVERY IN PART, (2) VACATE JOINT PRETRIAL ORDER DEADLINE, AND (3) SET COORDINATED BRIEFING ON PLAINTIFFS' MOTION FOR RECONSIDERATION**<br>[ECF No. 63] |

**JOINT STIPULATION AND [PROPOSED] ORDER TO (1) FURTHER EXTEND REOPENED DISCOVERY IN PART, (2) VACATE JOINT PRETRIAL ORDER DEADLINE, AND (3) SET COORDINATED BRIEFING ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs SANDRA SCHULZE, individually; as guardian ad litem of minor child E.S.; and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; KALI WOOD-SMITH; and SEBASTIAN GROTTS by and through their

attorneys GENE M. KAUFMANN and JOEL A. KAUFMANN, of KAUFMANN LAW, and Defendants DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DOUGLAS COUNTY SHERIFF'S OFFICE, by and through their attorney KATHERINE F. PARKS, jointly stipulate and respectfully request that the Court enter the [Proposed] Order set forth below to: (1) extend the reopened discovery agreed to by Stipulation on May 22, 2026; permit several additional Federal Rule of Civil Procedure 45 subpoenas to a non-party state agency and (3) set a coordinated briefing schedule for Plaintiffs' Motion for Reconsideration that permits Plaintiffs to file a supplemental brief tethered to the limited reopened discovery.

The parties have met and conferred and agree that the production gap that precipitates this Stipulation was inadvertent and is best resolved by limited additional discovery rather than motion practice. Good cause under Federal Rule of Civil Procedure 16(b)(4), excusable neglect under LR IA 6-1(a) and LR 26-3, and proportionality under Federal Rule of Civil Procedure 26(b)(1) all support the relief requested.

## I. RECITALS

### A. Case and Procedural Posture.

This action arises from the November 2021 pursuit involving Blake Thacker. Plaintiffs assert claims against Douglas County, the Douglas County Sheriff's Office ("DCSO"), and certain DCSO personnel. The case has been pending for approximately two and one-half years. The original discovery cutoff was July 31, 2025. Full briefing of a summary judgment motion was completed on January 13, 2026. The Court entered an order on Defendants' motion for summary judgment, granting summary judgment in part on Plaintiffs' 42 U.S.C. § 1983 substantive due process claim and denying summary judgment on Plaintiffs' Nevada negligence claim under NRS 484B.550. (ECF No. 55) Plaintiffs timely filed a Motion for Reconsideration of that order (ECF No. 58) which is pending.

On May 22, 2026, the parties stipulated to a limited re-opening of discovery for additional documents and three depositions. Namely, Defendants were to produce the following supplemental written discovery: (i) Bates-stamped NCIC training records for Deputy Sampson

and Investigator Schultz; (ii) complete CAD/call detail exports (event chronology, unit histories, and all comment/narrative fields) for the incident numbers reflected in the November 16, 2021 and November 29, 2021 CAD records, limited to November 16–18, 2021 and the November 29, 2021 follow-up entries ("Request A"), and all documents and communications regarding the Oregon warrant and NCIC locate issue, including Oregon Parole emails, the replacement warrant referenced in the November 29, 2021 log, NCIC transaction logs, internal communications explaining the "premature locate," and communications with NHP dispatch about warrant confirmation ("Request B"); (iii) CJIS and CIC policies; and (iv) training records for Edward Seeley.

The stipulation also provided for the limited subject matter Depositions of Matt Sampson, Steve Schultz, and Edward Seeley. Finally, the stipulation vacated the Joint Pretrial Order deadline and provided a revised schedule for briefing on Plaintiffs' Motion for Reconsideration.

## II. GOOD CAUSE

Modification of a scheduling order requires a showing of good cause under Federal Rule of Civil Procedure 16(b)(4).

***Good cause.*** After receiving the records produced through the above supplementation of documents from Douglas County, Plaintiffs provided the information to experts for review. The information is technical and requires specialized knowledge to understand. Plaintiffs need additional expert information to fully prepare for the depositions. In addition, due to summer vacation schedules, the parties have not yet been able to complete the deposition of Matt Sampson, Steve Schultz, and Edward Seeley.

## III. STIPULATED RELIEF

### A. Extension of Reopened Discovery and Revised Briefing Schedule on Motion for Reconsideration.

**(1)** In light of the above issues, the parties have agreed to extend the reopened discovery deadline by 60 days to Friday, October 30, 2026.

**(2)** Plaintiffs may file a supplemental brief in support of the Motion for Reconsideration, limited to evidence developed in the reopened discovery, no later

than twenty-one (21) days after the end of the reopened discovery deadline.

**(3)** Defendants' opposition to the Motion for Reconsideration (and to any supplement) shall be due twenty-one (21) days after Plaintiffs' supplement; if Plaintiffs file no supplement, Defendants' opposition shall be due twenty-one (21) days after the deadline for Plaintiffs' supplement expires.

**(4)** Plaintiffs' reply shall be due fourteen (14) days after Defendants' opposition.

## IV. LR IA 6-1(A) STATEMENT

This is the 6th stipulation or motion to extend deadlines in this case. ECF 62 (ORDER GRANTING STIPULATION TO (1) REOPEN DISCOVERY IN PART, (2) VACATE JOINT PRETRIAL ORDER DEADLINE, AND (3) SET COORDINATED BRIEFING ON PLAINTIFFS' MOTION FOR RECONSIDERATION); ECF 35 (Order Granting Stipulation to Extend Discovery Deadlines (Fourth Request)); ECF 32 (Order Granting Stipulation to Extend Discovery Deadlines (Third Request)); ECF 30 (Order Granting Stipulation to Extend Expert Witness Disclosure and Rebuttal Expert Witness Disclosure (Second Request)); ECF 28 (Order Granting Stipulation to Extend Discovery Deadlines (First Request)). The reasons for the requested extension are set forth in Sections I and II above. The parties have conferred and jointly request the relief set forth in the [Proposed] Order.

## V. LR 26-3 STATEMENT

**(a)** Discovery completed: Initial disclosures and supplements; written discovery (interrogatories, RFPs, RFAs) propounded by all parties; depositions of plaintiffs Makayla Schulze, Sandra Schulze, Kali Wood-Smith, Victoria Martin, Gahvin Schulze, Sebastian Grotts and of defendants expert witness John J. "Jack" Ryan; expert disclosures and reports; document productions including DCSO and Carson City Sheriff Office ("CCSO") records and body-worn camera footage.

**(b)** Discovery remaining: (i) Depositions of Deputy Matt Sampson, Investigator Steve Schultz, and Edward Seeley, each capped at one 7-hour day on the following topics: (1) Matthew Sampson's pre-suit knowledge of the warrant against Blake Thacker, NCIC and "locate protocol" training, and the warrant-related content of the post-incident report; (2) Steve Schultz's

knowledge of the November 18 CAD entry, characterization of the locate as "premature," and procurement of a replacement warrant; and (3) Edward Seeley's knowledge of dispatch CAD entry procedures, the November 29, 2021 log, and applicable CJIS/CIC policies and training. above; and (ii) Plaintiffs' Rule 45 subpoenas related to warrants, compacts for extradition between Nevada and Oregon, and NCIC information and training manuals.

**(c)** Reasons discovery was not completed within the existing deadline: The November 29, 2021 CAD log was not produced before the discovery cutoff; the document came to Plaintiffs' attention in February 2026; expert consultation was required to evaluate its technical significance; the parties promptly met and conferred upon completion of that review and developed the limited scope of additional discovery now proposed. The additional discovery is narrow and flows directly from the newly surfaced CAD log. It consists of three depositions, which Plaintiffs are presently working to schedule: Matthew Sampson, Steve Schultz, and Edward Seeley, each of whom Plaintiffs' alleged have knowledge bearing on the creation, contents, or significance of the November 29, 2021 CAD log. Plaintiffs have been diligently coordinating with the witnesses and opposing counsel to secure mutually available dates and will complete these depositions within the proposed extended period. No other discovery is sought.

**(d)** Proposed schedule for completion: As set forth in Section III above and the [Proposed] Order below.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter the [Proposed] Order set forth below.

DATED this 26th day of August, 2026.

*By: /s/ Gene M. Kaufmann*
GENE M. KAUFMANN, ESQ.
Nevada Bar No. 6704
KAUFMANN LAW
1576 3rd Street
Minden, Nevada 89423

JOEL A. KAUFMANN, ESQ.
Nevada Bar No. 17228
KAUFMANN LAW
1576 3rd Street
Minden, Nevada 89423

ROBERT L. CHAIKEN, ESQ.
CHAIKEN & CHAIKEN, P.C.
*Admitted Pro Hac Vice*
5717 Legacy Dr., Suite 250
Plano, TX 75024

*Attorneys for Plaintiffs*

*By: /s/ Katherine F. Parks*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, P.C.
6590 S. McCarran Blvd, Suite B
Reno, NV 89509

*Attorney for Defendants*

**ORDER**

Having considered the parties' Joint Stipulation, and finding good cause under Federal Rule of Civil Procedure 16(b)(4), excusable neglect under LR IA 6-1(a) and LR 26-3, and that the limited reopened discovery is proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1):

IT IS HEREBY ORDERED that the Stipulation is GRANTED.

IT IS FURTHER ORDERED that discovery is extended solely to permit (i) the depositions of Deputy Matt Sampson, Investigator Steve Schultz, and Edward Seeley, each limited to one seven-hour day under Federal Rule of Civil Procedure 30(d)(1) and (ii) Plaintiffs' Federal Rule of Civil Procedure 45 subpoena to the Nevada Highway Patrol. The limited reopened discovery shall be completed no later than October 30, 2026.

IT IS FURTHER ORDERED that the current Joint Pretrial Order deadline is VACATED. The parties shall file the Joint Pretrial Order no later than thirty (30) days after entry of the Court's order on Plaintiffs' Motion for Reconsideration.

IT IS FURTHER ORDERED that briefing on Plaintiffs' Motion for Reconsideration shall proceed as follows: Plaintiffs may file a supplemental brief no later than thirty (30) days after the last of the three depositions identified above, or one hundred twenty (120) days after entry of this Order, whichever is sooner; Defendants' opposition shall be due twenty-one (21) days after Plaintiffs' supplement (or, if no supplement is filed, twenty-one (21) days after expiration of the supplement window); and Plaintiffs' reply shall be due fourteen (14) days after Defendants' opposition.

**IT IS SO ORDERED.**

**DATED:** August 26, 2026

UNITED STATES MAGISTRATE JUDGE