**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA SCHULZE, individually; as guardian ad litem of minor child E.S.; and as Special Administrator of the ESTATE OF JON D. SCHULZE; MAKAYLA SCHULZE; GAHVIN SCHULZE; KALI WOOD-SMITH; and SEBASTIAN GROTTS,<br><br>Plaintiffs,<br>v.<br>DOUGLAS COUNTY, a political subdivision of the State of Nevada; MATT SAMPSON, DEPUTY SHERIFF II, DOUGLAS COUNTY SHERIFF'S OFFICE; DOES 1–10,<br><br>Defendants. | Case No. 3:23-cv-00567-ART-CLB<br><br>**ORDER GRANTING**<br><br>**JOINT STIPULATION TO EXTEND LIMITED REOPENED DISCOVERY (Seventh Request)** |

Plaintiffs and Defendants, through counsel, jointly request an extension of the limited reopened discovery deadline in ECF No. 64 from October 30 to November 7, 2026, to accommodate deponent availability and counsel's scheduling commitments.

/ / /

## I. EXISTING DISCOVERY ORDER

The Court reopened discovery in part on May 28, 2026 (ECF No. 62). On August 26, 2026, the Court extended the limited reopened discovery period through October 30, 2026, solely to permit the depositions of Deputy Matthew Sampson, Investigator Steven Schultz, and Edward Seeley, each limited to one seven-hour day on the limited topics outlined at page 4 of ECF No. 61 , and Plaintiffs' Federal Rule of Civil Procedure 45 subpoena to the Nevada Highway Patrol. ECF No. 64 at 7.

## II. GOOD CAUSE FOR THE EXTENSION

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. The parties request a brief extension because the three depositions must be rescheduled to accommodate the deponents' availability and counsels' existing commitments. Counsel have been coordinating available dates for the witnesses and participating attorneys.

The proposed deposition dates are November 4, 5, and 6, 2026. Steven Schultz is available November 4, and Matthew Sampson and Edward Seeley are available November 5 or 6. Counsel are coordinating the final assignment of Sampson and Seeley to those dates. Extending the cutoff to November 7 will permit completion of the depositions within that proposed schedule.

Counsel began coordinating the deposition schedule in September 2026. On September 23, 2026, counsel for Plaintiffs and counsel for Defendants conferred by telephone regarding the three depositions. Defense counsel identified her available dates as November 4, 5, 6, 9, 10, 12, and 13, 2026, and advised that she would confirm the deponents' availability once Plaintiffs proposed dates. Plaintiffs' co-counsel, Robert L. Chaiken, who is admitted pro hac vice and practices in Texas, had anticipated travel during October 2026 and had committed the week of November 9, 2026, to a mediation in another matter. Plaintiffs therefore proposed November 4, 5, and 6, 2026, that same day.

On September 24, 2026, defense counsel confirmed that November 4 was the best date for Investigator Schultz and that Deputy Sampson was available November 5 or 6. Defense

counsel advised that confirming Mr. Seeley's availability would take additional time because he was working a graveyard shift. On October 1, 2026, defense counsel confirmed that Mr. Seeley and Deputy Sampson are each available November 5 or 6.

This request is made before the existing cutoff but within the 21-day period addressed by LR 26-3. Good cause for requesting relief within that period is as follows: the need for an extension became apparent on September 23, 2026, when the dates available to defense counsel and Plaintiffs' co-counsel all fell after the October 30 cutoff. The deponents' availability was not confirmed until October 1, 2026, because one deponent was working a graveyard shift. From October 1 through October 13, 2026, Plaintiffs' counsel, who practice from offices in Nevada, California, and Texas, conferred among themselves to confirm the proposed dates against each attorney's schedule. The requested extension is eight days and does not enlarge the authorized scope of discovery. It is sought to complete the previously authorized depositions, not for purposes of delay.

**III. LR 26-3 DISCOVERY STATEMENT**

(a) Discovery completed. As reported in the August stipulation, the parties have exchanged initial disclosures and supplements; propounded interrogatories, requests for production, and requests for admission; completed depositions of Makayla Schulze, Sandra Schulze, Kali Wood-Smith, Victoria Martin, Gahvin Schulze, Sebastian Grotts, and defense expert John J. "Jack" Ryan; exchanged expert disclosures and reports; and produced documents, including DCSO and Carson City Sheriff's Office records and body-worn camera footage. ECF No. 63 at 4.

(b) Discovery remaining. The limited depositions of Sampson, Schultz, and Seeley remain to be completed within the subject-matter and duration limits established by ECF Nos. 62 and 64. The Nevada Highway Patrol subpoena authorized by ECF No. 64 is [confirm service and production status and identify any remaining authorized production]. This request does not seek authorization for additional discovery beyond those orders.

(c) Reasons for the extension. The deponents' availability and counsel's scheduling commitments require rescheduling the depositions beyond October 30, 2026, as explained in

Section II.

(d) Proposed completion schedule. The parties propose completing the three depositions on November 4 through 6, 2026, and completing all remaining discovery authorized by ECF No. 64 no later than November 7, 2026.

**IV. PRIOR EXTENSIONS UNDER LR IA 6-1(a)**

This is the seventh request concerning the discovery period, continuing the numbering used in ECF No. 63. The prior orders granting extensions or limited reopening are ECF Nos. 28 (first request), 30 (second request), 32 (third request), 35 (fourth request), 62 (limited reopening), and 64 (extension through October 30, 2026).

**V. STIPULATED RELIEF**

The parties request that the limited reopened discovery deadline in ECF No. 64 be extended from October 30, 2026, to November 7, 2026. All existing subject-matter and duration limits remain in effect.

The briefing schedule established by ECF No. 64 remains unchanged, including the 120-day outside limit for Plaintiffs' supplemental brief, which continues to run from entry of the August 26, 2026 Order. This extension does not restart that period.

The joint pretrial order remains due 30 days after entry of the Court's order on Plaintiffs' Motion for Reconsideration. No other deadline or provision of ECF Nos. 62 and 64 is modified.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: October 15, 2026.

*By: /s/ Gene M. Kaufmann .*
GENE M. KAUFMANN, ESQ.
Nevada Bar No. 6704
KAUFMANN LAW
1576 3rd Street
Minden, Nevada 89423

JOEL A. KAUFMANN, ESQ.
Nevada Bar No. 17228
KAUFMANN LAW
1576 3rd Street
Minden, Nevada 89423

ROBERT L. CHAIKEN, ESQ.
CHAIKEN & CHAIKEN, P.C.
*Admitted Pro Hac Vice*
5717 Legacy Dr., Suite 250
Plano, TX 75024

*Attorneys for Plaintiffs*

*By: /s/ Katherine F. Parks .*
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
THORNDAL ARMSTRONG, P.C.
6590 S. McCarran Blvd, Suite B
Reno, NV 89509

*Attorney for Defendants*

**ORDER**

Good cause appearing, the stipulation is GRANTED. The limited reopened discovery deadline established by ECF No. 64 is extended from October 30, 2026, to November 7, 2026. All other provisions of ECF Nos. 62 and 64 remain in effect, including the existing discovery limits, briefing schedule, and joint pretrial order deadline. The 120-day period in ECF No. 64 continues to run from entry of that August 26, 2026 Order.

DATED: October 15, 2026

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE